(115 So. 146)
### JARRELL v. STATE. (5 Div. 655.)

Court of Appeals of Alabama. Jan. 17, 1928.

Will O. Walton, of La Fayette, for appellant.

Charlie C. McCall, Atty. Gen., for the State. Brief did not reach the Reporter.

BRICKEN, P. J. From a judgment of conviction for the offense of murder in the second degree, with 20 years' sentence in the penitentiary, this appeal was taken.

The first exception noted relates to the ruling of the court in allowing the sheriff to testify, over objection and exception, that the bullet exhibited to witness "resembled the bullet" he saw at the preliminary trial of this case. There is no merit in this exception. The defendant admitted the killing of the deceased and relied upon self-defense. It is not conceivable how this matter could in any wise affect his substantial rights.

Whether witness Taylor saw the deceased (Mr. Fant) with a pistol at the association on that same day at 4 o'clock was wholly immaterial. The court properly so held. The same applies to whether defendant's witness, Wilkerson, saw the deceased about 10 o'clock to 12:30 o'clock that day.

It was within the court's discretion to permit the state on rebuttal to identify the shoes worn by deceased at the time he was killed. The exception here cannot be sustained.

The remaining points of decision are

based upon the refusal to defendant of numerous special written charges requested.

We note that the oral charge of the court consumes practically eleven pages of this record, and in addition thereto numerous charges were given at request of defendant. Some of the refused charges relate to murder in the first degree only. These, of course, need not be considered as by the verdict of the jury murder in the first degree has been eliminated from this case. The oral charge was very able and explicit. It was fair to defendant, and covered every phase of the law involved upon this trial. We think that the oral charge fairly and substantially covered such of the refused charges as properly state the law. This being true, the court was under no duty to give said charges, and will not be placed in error for refusing them. To enter into a detailed discussion of each of the refused charges could serve no good purpose, and we refrain from so doing. As stated the jury was given in charge the law in its every phase involved in this case, correctly, plainly, and fairly. The exception reserved to the court's oral charge is by reference only; it is therefore not presented for consideration. Moreover, the point of decision involved is without error.

Finding no error in any rulings of the court, and the record proper being regular in all things, the judgment of conviction in the lower court, from which this appeal was taken, will stand affirmed.

Affirmed.