LEIGH M. CLARK, Retired Circuit Judge.
Under an indictment charging murder in the first degree, a jury found appellant *951 guilty of murder in the second degree and fixed his punishment at imprisonment for twenty-five years. He was sentenced accordingly.
The fatal difficulty arose out of an effort of defendant to resolve some difficulty between him and his recently divorced wife, relative particularly to the care and custody of their youngest child. Appellant drove in a truck to the home of his former wife’s mother and his former wife’s brother, where his former wife was then living. Soon after his arrival, his son and his former wife drove up in an automobile. An argument ensued between defendant and his former wife, which became heated. Defendant’s former wife’s brother came out of the house with a shotgun in his hand; defendant’s former wife’s mother came out of the house with a pistol in her hand; defendant obtained his rifle out of his truck. Without raising the rifle to his shoulder, he fired it in the general direction of his former wife’s brother and in the general direction of his former wife. Three bullets hit his former wife’s brother and killed him. One bullet wounded his former wife. He pleaded not guilty and not guilty by reason of insanity to the indictment in the instant case charging him with murder in the first degree of Melvin Hunter, the brother of his former wife.
No contention is made on appeal that the evidence was insufficient to support the verdict. We find no basis for any such contention. Although we can understand that defendant was sincerely apprehensive as to his own personal safety, the evidence amply justified the conclusion of the jury that the evidence failed to show all of the essential elements of self-defense.
Officer Dennis Wooten of the Huntsville Police Department received a dispatch over the radio concerning the homicide. He saw the vehicle meeting the description of the one in which defendant had left the scene of the homicide, according to the radio dispatch. He followed it. Defendant pulled off the road and opened the door. Wooten’s testimony continued in part as follows:
“Q. Did he make any statement then?
“A. As I was cuffing him I said do you have a gun?
“MR. GAMMONS: We object, Your Honor, to any statements he made at that time.
“THE COURT: Overruled.
“Q. And what did he say at that time, if anything?
“A. He said it’s in the truck.
“Q. He said it was in the truck. Were those his exact words?
“A. I can’t say exactly what he said, but it was something to that nature.
“Q. All right, what did you do then?
“A. I proceeded to handcuff him and while I was handcuffing him, he said something in the nature of that’s the one that did it.
“MR. GAMMONS: I object, Your Hon- or.
“THE COURT: Overruled.
“Q. Did you ask any questions?
“A. The question I asked was did he have a gun.
“THE COURT: Other than that?
“A. Yes, sir, I can’t remember what I said to him. I might have said something in the nature of is that the one that did it?
“Q. Did you have occasion to look inside that truck?
“A. Yes, I did.”
Appellant argues that the evidence of defendant’s statement as to the gun as quoted was inadmissible in that no warnings had been given in compliance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We disagree. The officer had not commenced any custodial interrogation at the time. The conduct of the officer was not accusative. He was acting normally, naturally, and with due regard to defendant, as well as for the protection of the officer against a possible sudden use of a firearm. It is significant, perhaps, that the officer used the word “gun,” in that it may indicate that he did not know the kind of weapon that was used in the homicide. The absence of Mi *952 randa warnings does not forbid the introduction in evidence of statements by a defendant that are not the product of custodial interrogation. Kelley v. State, Ala.Cr.App., 366 So.2d 1145, 1148-1149 (1979), and cases therein cited.
Appellant further contends that an incriminating statement made by him after the statement we have just considered was made by him and after Miranda warnings were given him was infected by the claimed poison in the first statement. As we have just held that the first statement was admissible, there is a failure of the hypothesis upon which appellant bases his claim as to the admissibility of the second statement.
Appellant says that prejudicial error is to be found in a portion of the court’s oral charge as to murder in the first degree. As to the point, defendant at the conclusion of the court’s oral charge made an objection as follows:
“MR. GAMMONS: The defense objects to the instructions that you gave with regard to first degree murder as related to killing of one while trying or intending to kill another. Our grounds for that objection, Your Honor, are that the prior conviction conclusively found no intent to kill Annie Mae Davis [defendant’s former wife] and foreclosed the State from arguing that theory in this case.”
Error, if any, in charging on murder in the first degree becomes harmless when there is a conviction of murder in the second degree. Pinkerton v. State, 146 Ala. 684, 40 So. 224 (1906); Underwood v. State, 179 Ala. 9, 60 So. 842 (1913); Jarrell v. State, 22 Ala.App. 304, 115 So. 146 (1928).
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.